IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN SCHEMELIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOWER ALLOWAYS CREEK TOWNSHIP and RICHARD VENABLE, Individually and in his official capacity as Chief of Police,<br><br>　　　　Defendants. | Civil No. 24-6485 (ESK/AMD) |

## AMENDED SCHEDULING ORDER

　　This Scheduling Order confirms the directives given to counsel during the telephonicstatus conference held on April 9, 2025; and the Court noting the following appearances: Paul W. Tyshchenko, Esquire, appearing on behalf of Plaintiff; and Michael V. Madden, Esquire, appearing on behalf of Defendants; and good cause appearing for the entry of the within Order:

　　IT IS on this **9th** day of **April 2025**, hereby **ORDERED**:

　　1. Plaintiff shall serve written discovery requests by no later than **April 16, 2025**. Defendants shall respond to such requests within the time permitted by the Federal Rules of Civil Procedure or as extended by consent.

　　2. Plaintiff shall respond to outstanding discovery requests by no later than **April 29, 2025**.

　　3. The time within which to file a motion to amend the pleadings or a motion to join new parties will expire on **May 30, 2025**. Any motion to amend or supplement shall attach a proposed amended pleading and delineate how the proposed amended pleading differs from the pleading which it proposes to amend by either bracketing or striking through materials to be deleted and/or

underlining additional materials. *See* L. Civ. R. 15.1(a)(2) (eff. 5/10/2017).

    4. The Court will conduct a telephonic status conference on **July 22, 2025 at 2:00 P.M.** Counsel shall utilize the following dial-in instructions for the conference: **1-856-210-8988 / 144 589 174#**. At least three (3) business days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist. No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in-person or by telephone.

    5. Pretrial factual discovery is hereby extended to **August 29, 2025.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

    6. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993). In addition, all depositions, including video depositions, shall comply with Federal Rule of Civil Procedure 30.

    7. **Discovery Letters and Motions**. Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* Local Civil Rule 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person, via telephone, or video conference before making a discovery application. Any dispute not resolved shall be brought to the Court's attention by letter after counsel's good faith attempt to resolve the dispute has failed and shall set forth in detail the specific efforts that were made to resolve the dispute before contacting the Court. No discovery motion shall be made without prior leave of Court. *See* Local Civil Rule 37.1(b).

    8. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants not later than **September 30, 2025**. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff not later than **October 31, 2025**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been

timely followed. Depositions of proposed expert witnesses shall be concluded by **December 1, 2025**.

For purposes of this Scheduling Order, treating physicians, if any, shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

9. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **January 23, 2026**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice – Generally).

10. Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Ann Marie Donio<br>
ANN MARIE DONIO<br>
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Edward S. Kiel